UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BILLY JAMES MILES, | Case No. 09-10220 |
| Plaintiff, | Anna Diggs Taylor |
| vs. | United States District Judge |
| CO SHEFFELD, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION
DISMISSAL FOR FAILURE TO PROSECUTE AND
DEFENDANT'S MOTION TO DISMISS (Dkt. 10)**

**I.    PROCEDURAL HISTORY**

This is a prisoner civil rights action filed on January 21, 2009. (Dkt. 1). Plaintiff alleges that defendant refused to allow plaintiff to shower or to have his cell cleaned and alleges that defendant made threats against the plaintiff, in violation of his constitutional rights. On May 28, 2009, District Judge Ann Diggs Taylor referred this matter to the undersigned Magistrate Judge for all pretrial proceedings pursuant to 28 U.S.C. § 636.[1] (Dkt. 11).

---

[1] This Report and Recommendation contains hyperlinks to statutory and case law references, for the ease of the parties and others viewing this document electronically. This is not intended to be an endorsement of any product, service, or company.

On April 27, 2009, defendant filed a motion to dismiss based on a failure to exhaust administrative remedies. (Dkt. 10). On June 4, 2009, the Court issued an order requiring plaintiff to respond to the motion to dismiss by June 29, 2009. (Dkt. 12). Plaintiff did not file a timely response to defendant's motion to dismiss. Thus, the undersigned ordered plaintiff to show cause, by August 6, 2009, why his case should not be dismissed for failure to respond to defendant's motion to dismiss. (Dkt. 14).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** without prejudice for failure to prosecute. The undersigned further **RECOMMENDS** that defendant's motion to dismiss be **DENIED** as moot.

## II.   ANALYSIS AND CONCLUSION

Federal Rule of Civil Procedure 41 governs dismissals. As to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b). "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629; *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed.R.Civ.P. 41(b)] to enter a *sua sponte* order of dismissal.") (citing *Link*). Moreover, "district courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing, *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). And, "a district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

In this case, plaintiff ignored the orders of this Court and violated both the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Michigan.  The Sixth Circuit considers "four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing, *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

In this case, the Court plainly warned plaintiff that his case would be dismissed with prejudice if he again failed to respond to an order of the Court.  (Dkt. 14).  Thus, this factor weighs in favor of dismissal.  With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id.*  Regardless, "defendant[] cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id.*  Thus, the first and third factors weigh in favor of dismissal.  Finally, given plaintiff's complete failure to

participate in this case since the filing of the complaint in January, 2009, the undersigned sees no utility in considering or imposing lesser sanctions.  Thus, none of the factors weigh against dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White, at \*8*, quoting, *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).  However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, at \*5, citing, *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984).  However, given that defendant's motion to dismiss was based solely on an alleged failure to exhaust administrative remedies, and such a dismissal would generally be without prejudice, the undersigned suggests that dismissal without prejudice is appropriate here.  *See e.g.*, *Smith v. Thompson*, --- F.Supp.2d ----, 2009 WL 1921228, \*2 (E.D. Ky. 2009).

### III. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** without prejudice. The undersigned further recommends that defendant's motion to dismiss be **DENIED** as moot.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service, as provided for in [28 U.S.C. § 636(b)(1)](#) and [Local Rule 72.1(d)(2)](#). Failure to file specific objections constitutes a waiver of any further right of appeal. [*Thomas v. Arn*, 474 U.S. 140 (1985)](#); [*Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981)](#). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. [*Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)](#). Pursuant to [Local Rule 72.1(d)(2)](#), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 10 days after service of an

objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 13, 2009

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I certify that on <u>August 13, 2009</u>, I electronically filed the foregoing pleading with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: <u>Allan J. Soros,</u> and I certify that I have mailed by United States Postal Service the foregoing pleading to the plaintiff, a non-ECF participant, at the following addresses*:<u> Billy James Miles, # 107844, STANDISH MAXIMUM CORRECTIONAL FACILITY, 4713 West M-61, Standish, MI 48658 and Billy James Miles, #107844, ST. LOUIS CORRECTIONAL FACILITY, 8585 N. Croswell Road, St. Louis, MI 48880</u>.

*The court docket reflects that the plaintiff's address is the Standish Correctional Facility. However, a check with the Michigan Department of Corrections prisoner tracking system indicates that the plaintiff is currently located at the St. Louis Correctional Facility.

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov

2:09-cv-10220-ADT-MJH Doc # 15 Filed 08/13/09 Pg 8 of 8 Pg ID 65